IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALIAMANU CONSERVATION PARTNERS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-134-C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in paragraph 1 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents. Admits that the United States Army Corps of Engineers, Honolulu Engineer District administrated the contract; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegation contained in paragraph 6 concerns plaintiff's styling of its complaint to which no answer is required.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 (including subsections 9a through 9g) are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the

documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents. Admits that the AMR family housing complex consisted of 1,510 townhouse units and 1,090 apartment units, in addition to recreational and retail facilities.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract and offer cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract and offer cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 in that the

energy savings equipment and services were to be provided by the contractor at its expense. The allegation contained in the second sentence of paragraph 20 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

21. The allegation concerning the contract contained in paragraph 21 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

22. Denies the allegation contained in the first sentence of paragraph 22 because the maximum term of the contract was 15 years. Admits the allegation contained in the second sentence of paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits.

28. The allegation contained in the first sentence of paragraph 28 concerning the contract is a conclusion of law to which no answer is required; denies the allegations contained in the second and third sentences of paragraph 28 for lack of knowledge or information sufficient to form a belief as to the cost or creation of a substation at AMR; the allegation contained in the last sentence of paragraph 28 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

29. Admits the allegations contained in the first sentence of paragraph 29; denies the remaining allegations contained in paragraph 29 because they incorrectly state the terms of the contract.

30. Denies the allegations contained in the first sentences of paragraph 30 for lack of knowledge or information sufficient to form a belief as to when plaintiff believed that there were problems; admits the allegations contained in the second sentence of paragraph 30.

31. Admits the allegations contained in the first sentence of paragraph 31; denies the allegations contained in subsection (a); admits the allegation contained in subsection (b) because a chapel was built in AMR after the parties entered into the contract, but the chapel utilized a separate meter; denies the allegation contained in subsection (c) for lack of knowledge or information sufficient to form a belief as to its truth in terms of what items of specific electrical equipment were used by the tenants of AMR; denies the allegations contained in subsection (d), because several units were actually demolished during the contract's term.

32. Admits the allegation contained in paragraph 32 concerning the modifications to the extent supported by the contract cited, which is the best evidence of its contents; denies the remaining allegation contained in paragraph 32.

33. The allegations contained in paragraph 33 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegation contained in paragraph 34 that the parties negotiated an amount for monthly energy savings to use over the remaining term of the contract in 1996, to the extent supported by the Amended Agreement in Principle, which is the best evidence of its contents, and in which both parties agreed to modify the energy consumption baseline upward. The remaining allegation is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

35. Admits the allegation contained in the first sentence of paragraph 35 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 35; denies the second sentence contained in paragraph 35 because it incorrectly states the terms of the contract modification.

36. Admits the allegations contained in paragraph 36 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegation contained in first sentence of paragraph 38 to the extent supported by the contracting officer’s final decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 36. Denies

the allegation contained in the second sentence of paragraph 38 because the contract called for a maximum term of 15 years.

39. The allegations contained in paragraph 39 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits.

43. Admits the allegations contained in paragraph 43 in that the Government rejected the plaintiff's position and requested that cost or pricing data be produced in order to justify settlement costs.

44. Admits the allegation contained in paragraph 44 that plaintiff disagreed with the requirement to submit cost or pricing data; admits the allegation concerning plaintiff's proposal on June 20, 2005, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies that allegation.

45. Admits the allegations contained in paragraph 45 in that the Government requested cost or pricing data be produced in order to justify settlement costs; that the contracting officer asserted that cost or pricing data was required by regulation; and that the contractor requested that the contractor support its proposal with cost or pricing data for the contract period.

46. Admits.

47. Denies. The parties exchanged legal positions on the need to submit cost or pricing data.

48. Admits that the parties could not resolve their differences because they disagreed over the requirement that the contractor produce cost or pricing data.

49. Admits the allegations contained in paragraph 49 to the extent supported by the October 31, 2005 proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Admits.

52. Admits the allegation contained in paragraph 52 that the contracting officer requested cost or pricing data after plaintiff submitted its October 31, 2005 proposal; the remaining allegation is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

53. Admits.

54. Admits the allegations contained in paragraph 54 to the extent that the contracting officer was permitted to examine the records that plaintiff provided.

55. Admits the allegations contained in paragraph 55 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in the first sentence of paragraph 56. Admits the remainder of the allegations contained in paragraph 56 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 (including subsections 57a through 57h) to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraphs 57a through 57h.

58. Admits the allegations contained in paragraph 58 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; ; otherwise denies the allegations contained in paragraph 58.

59. Admits.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. The allegations contained in paragraph 61 are plaintiff's characterization of the case and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. Denies the allegations contained in paragraph 62 because the monthly payments were adjustable in accordance with the consumer price index ("CPI").

63. Admits the allegation contained in the first sentence of paragraph 63; the allegation contained in the second sentence of paragraph 63 is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

64. The allegations contained in paragraph 64 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 65, or to any relief whatsoever.

67. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S COUNTERCLAIM

68. Jurisdiction for this Counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

69. Contract Number DACA87-91-C-0019 ("Contract") was awarded to plaintiff on February 11, 1991. The Contract between plaintiff and the United States required that plaintiff, Aliamanu Conservation Partners, Inc., provide and install energy savings equipment, and to provide operating and maintenance services at the Aliamanu Military Reservation (AMR) family housing complex in Honolulu, Hawaii, that would result in a reduction in AMR's monthly energy and maintenance expenditures.

70. The contract provides that energy savings equipment and services were to be provided by the contractor, at the contractor's expense; and the only payments that the contractor would receive under the Contract were based upon a pre-established percentage of the avoided energy and maintenance expenditures over a maximum term of fifteen years, with the following limitation: the amount paid to the contractor for the maintenance savings could not exceed the amount paid for the energy savings.

71. By Modification Number P00212, dated August 12, 2004, the contractor was

notified that, effective September 30, 2004, the Contract was being terminated for the convenience of the Government. The contractor was requested to provide its termination settlement proposal within one year from the effective date of the termination.

72. Prior to the Notice of Termination, a total of 167 payments were made to the contractor. Another payment was made in November 2004, for work performed for the month of September 2004. As a result, the contractor was paid a total of $46,379,724.15 for its pre-termination work.

73. After the Notice of Termination, two partial-termination payments ($536,333.92 each) were made to the contractor — resulting in post-termination partial payments of $1,072,667.84.

74. To date, 170 payments have been made to the contractor, for a total of $47,452,391.99.

75. The Contracting Officer's Final Decision, entitled Termination Settlement Determination ("Final Decision"), was issued on October 31, 2006. Attachment A.

76. The Final Decision found that the final Contract price should be definitized at $41,237,389.

77. The Final Decision further found that, because the amount paid to the plaintiff was $47,452,392, and the final Contract price should have been $41,237,389, the plaintiff owed the Government the excess payment amount of $6,215,003, plus interest ("Amount Due").

78. By Modification Number P00215, dated November 1, 2006, the final Contract amount was set at $41,237,389, based upon the Termination Settlement Determination. The plaintiff was notified that it was required to pay the Government the sum of $6,215,003, plus

interest. Attachment B.

79. Plaintiff has not paid the Government any of the Amount Due.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant in the amount of $6,215,003, plus interest as provided by law, order that the Complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/
STEVEN J. GILLINGHAM
Assistant Director

Of Counsel:
JENNY N. MASUNAGA
Counsel
United States Army Corps of Engineers
Honolulu District
Bldg 230, CEPOH-OC
Fort Shafter, HI 96858
Tel: (808) 438-8503

s/
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

June 26, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 26th day of June 2007, a copy of foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo