IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALIAMANU CONSERVATION PARTNERS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-134C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Aliamanu Conservation Partners, Inc. ("ACP"), and defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 609.

Defendant is not aware of any basis upon which to challenge the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending

consideration of another case before this Court of any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

The parties anticipate filing cross-motions for summary judgment.

h. What are the relevant factual and legal issues?

Plaintiff asserts that there is a factual dispute about the costs incurred by plaintiff for performance of the contract and the amount the Government paid plaintiff. Defendant asserts that there are no significant factual disputes.

The parties also agree that the relevant legal issues before the Court are the following:

1. Whether the construction phase of the contract was completed, and if so, whether the plaintiff is entitled to $5,519,180 representing the total monthly payments it would have received but for the Government's termination for convenience.

2. Whether the plaintiff is entitled to $1,329,807 in unamortized asset value because of the Government's termination for convenience of the contract.

3. Whether the plaintiff is entitled to additional termination and settlement expenses totaling $69,019.

4. Whether the Plaintiff is entitled to receive any payment based upon its costs of performance if it does not receive payment based upon the construction phase of the contract being completed because of the Government's termination for convenience of the contract.

5. Whether the Government is entitled to receive $6,215,003 for payments that it made to the plaintiff exceeding the definitized contract price of $41,237,389.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties currently do not anticipate that the case will settle, however, the parties intend to

discuss settlement after discovery is completed.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon cross-motions for summary judgment, or that the case does not settle, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. If trial is required, defendant requests that the trial be held in Honolulu, Hawaii. Plaintiff prefers that the trial be held in San Francisco, California or Las Vegas, Nevada.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs.

l. Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other information of which the Court should be aware at this time.

m. Discovery

Defendant asserts that discovery beyond the parties' initial disclosures is not necessary to resolve the legal issues in this case. In the event that additional discovery is required, the parties propose the following discovery deadlines:

| | |
|---|---|
| Exchange of Initial Disclosures: | November 1, 2007 |
| Deadline for Serving Written Discovery | March 1, 2008 |
| Designation of Experts | February 1, 2008 |
| Deadline for Completion of Fact Depositions | April 1, 2008 |
| Disclosure of Expert Reports | June 1, 2008 |
| Deadline for Expert Depositions | August 1, 2008 |
| Close of All Discovery | September 1, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/
STEVEN J. GILLINGHAM
Assistant Director

s/
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

s/
TIMOTHY H. POWER
Law Offices of Timothy H. Power
19229 Sonoma Highway
Suite 246
Sonoma, CA 95476
Tel: (707) 343-1550
Fax: (707) 343-1552

Attorney for Plaintiff

September 6, 2007

CERTIFICATE OF FILING

I hereby certify that on this 6th day of September, 2007, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo