IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALIAMANU CONSERVATION PARTNERS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-134-C (Judge Braden) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, the United States, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully submits this brief in opposition to plaintiff's motion for partial summary judgment because plaintiff does not establish that it is entitled to summary judgment as a matter of law. The Government is entitled to recover any contract overpayment and plaintiff's dispute of the Government's counterclaim is one of quantum – not entitlement – which presents a question of material fact that precludes the entry of partial summary judgment. In support of this brief we rely upon our proposed findings of uncontroverted facts, our responses to plaintiff's proposed findings of uncontroverted facts, plaintiff's motion, and our brief.

STATEMENT OF CASE

I. Nature of Case

Plaintiff, Aliamanu Conservation Partners, Inc. ("ACP"), seeks to dismiss defendant's counter-claim seeking relief for excess payments under the Termination for Convenience clause of Contract No. DACA87-91-C-0019.

II. Statement of Facts

The parties entered into a Shared Energy Savings (SES) contract, Contract No. DACA87-91-C-0019, on February 11, 1991.[1] PPFUF ¶ 1; DPFUF ¶1 . Under the contract, ACP was to provide energy savings equipment and maintenance services at the Aliamanu Military Reservation (AMR) family housing complex in Honolulu, Hawaii. PPFUF ¶ 2; DPFUF ¶ ¶ 2-4. The purpose of the contract was reduce the energy expenditures of the family housing complex, which, at the time of award, contained 1510 townhouse units and 1090 apartment units with support facilities including a Recreational Center, a Shopette, a Burger King, a Chapel Annex, and Athletic Fields. PPFUF ¶ 2. The terms of the Contract required ACP to provide the energy savings equipment and maintenance expenditures at its own expense. PPFUF ¶ 3. In return, ACP would receive a portion of the Government's avoided energy and maintenance expenditures for the term of the contract, which was calculated by the difference between a baseline electricity consumption for historical use at AMR prior to the award of the contract and energy use after the installation of the energy saving equipment. PPFUF ¶ 4.

The term of the Contract was set at a maximum of 15 years. The Contract contained a termination for convenience clause, which provided that the Government may terminate performance of work under the contract if the contracting officer determined that a termination is in the Government's best interest. Defendant's Exhibit A to this Opposition ("Def. Ex.") A at 2. This clause contained the standard Federal Acquisitions Regulations ("FAR") provision, FAR 52.249-0002 (48 C.F.R. 52.249-2), which allows settlement recovery to consists of costs incurred in the performance of the terminated work, a reasonable profit upon the work done, and certain

[1] Both parties submitted proposed findings of uncontroverted facts pursuant to RCFC 56. These are cited to as "PFUF" preceded by either "P" or "D" for plainitff and defendant ("PPFUF" or "DPFUF," respectively).

additional costs associated with the termination. Id. This provision also states that upon a termination for convenience if the contractor and contracting officer fail to agree upon the whole amount to be paid, the contracting officer shall determine the amount that the Government will pay. Id.

On September 13, 1995, ACP contended that there was a problem with the energy consumption baseline contained within the original contract because of low returns upon their energy savings projects. After negotiation, the Government agreed to change the pre-award energy consumer baseline to cause a greater difference between the baseline and the actual energy readings, which caused increased monthly savings and increased payments to ACP. Def. Ex. A at 11.

In 1998, ACP still asserted that the monthly payments were less than expected and expressed concerns about losing money upon the contract. Contracting parties agreed to convert the Contract to a fixed-price payments contract on February 4, 1999, applying to all payments made after May 1996. Def. Ex. A at 13.; DPFUF 9.

On August 12, 2004, the contracting officer notified ACP that the Contract was being terminated for convenience of the Government effective September 30, 2004. PPFUF ¶ 19.

On June 20, 2005, ACP submitted its termination settlement proposal and sought $9,764,061. DPFUF ¶ 5. On October 31, 2005, ACP revised its settlement proposal and reduced its claim to $7,641, 772. DPFUF ¶ 6.

In its proposal, ACP argued that it was entitled to the remaining monthly payments it would have received if the contract had not been terminated. PPFUF ¶ 24; DPFUF ¶¶ 7-10.[2]

[2] ACP also sought $1,329,807 for unamortized asset value, $335,077 for termination expenses, and $186,331 for settlement costs, plus a 16.3 mark-up for profit.

Prior to the notice of termination, the Contractor was paid $ 46,379,724.15 for its pre-termination work. PPFUF ¶ 29; DPFUF ¶ 11. Following the notice of termination, two partial termination payments were made to the contractor for a total of $1,072,667.84. DPFUF ¶ 12.

When settlement discussions reached an impasse, the contractor requested that the contracting officer issue a final decision pursuant to the termination for convenience clause. Pl. App. at 77. In his final decision, the contracting officer concluded that ACP's cost was $41,237,389 and that ACP had already been paid $47,452,392. PPFUF ¶ 28. Accordingly, the contracting officer demanded $6,215,003 for the overpayment. PPFUF ¶ 29.

Upon ACP's filing of its complaint, the Government filed a counterclaim for recovery of the overpayment. ACP's motion only concerns whether the Government's counterclaim may stand, as a matter of law, but does not appear to dispute the amount in question.[3]

## STATEMENT OF THE ISSUE

I. Whether the Government's acceptance of ACP's non-terminated contract work bars a Government claim for overpayment asserted in its counterclaim as a matter of law

## ARGUMENT

### I. ACP Is Not Entitled To Summary Judgment Upon The Government's Counterclaim As A Matter Of Law

This Court may grant summary judgment only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment in its favor as a matter of law. RCFC 56. Here, ACP is not entitled to judgment as a matter of law because the contract clause and principles upon which it relies are irrelevant to the Government's counterclaim.

[3] The parties have yet to take depositions in this case. These have already been schedules for August, 2008.

As stated below, the contract's Acceptance and Inspection clause does not bar the Government's ability to recover excess payments pursuant to the contract's Termination for Convenience and the Government's inherent right to recover for overpayments.

## II. The Government's Acceptance Of ACP's Non-Terminated Contract Work Does Not Bar It From Recovering Overpayments From ACP

### A. A Termination For Convenience Is Governed By The Contract's Termination For Convenience Clause

ACP urges that because the Government accepted its pre-termination work, the Government may not seek to recover any contract overpayments. Pl. Br. 11. In its appendix, ACP attached the Inspection And Acceptance clause of the contract. Pl App. at 38. ACP's argument seems to rest upon the theory that because the Government accepted contract work prior to termination, it is precluded from collecting any overpayments by operation of the aforementioned clause. ACP's reliance upon this theory is misplaced for two reasons: (1) by its terms, the Inspection and Acceptance clause cited by ACP refers to construction, and (2) the contracting officer did not assert a violation of a workmanship or other guaranty clause, which might support a claim for the return of amounts paid; rather the contracting officer asserted the Government's right to the return of excess payments pursuant the Termination for Convenience clause, 48 C.F.R. 52.249-2(l)(2).[4] Def. Ex. A at 10.

---

[4] 48 C.F.R. 52.249-2 (l)(2) states:

> If the total payments exceed the amount finally determined to be due [for the contract], the Contractor shall repay the excess to the Government upon demand, together with interest computed at the rate established by the Secretary of the Treasury under 50 U.S.C. App. 1215 (b)(2).

See also Herman B. Taylor Constr. Co., GSBCA No. 15421, 03-2 BCA 32,320 (July 21, 2003) (The board found that there was a difference between the total cost and the amount paid and concluded that the contractor owed the Government $125,595.68 for overpayments).

The plaintiff's motion for summary judgment cites to only two cases for its premise that the Government is not entitled to a counterclaim for overpayments as a matter of law based upon the Inspection and Acceptance clause: (1) Decker & Co v. West, 76 F. 3d 1573 (Fed. Cir. 1996), and (2) United Technologies Corp., Sikorsky Aircraft Div. v. United States, 27 Fed. Cl. 393 (1992), for the premise that the Government is not entitled to a counterclaim for overpayment as a matter of law based upon the Inspection and Acceptance clause. The cited cases are inapposite to the facts of this case. Both of these cases deal with Government contracts that, after inspection and acceptance, the Government discovered defects and attempted to hold the contractor liable. In United Technologies the Government discovered that the spindles produced by United Technologies were defective after a helicopter crash. The Court of Appeals for the Federal Circuit stated that the acceptance was final and the Government could not negate the acceptance unless there was a latent defect, which there was not because the spindle had met all of the Government's contract requirements. United Technologies Corporation, Sikorsky Aircraft Division, 27 Fed. Cl. 393, 398. In Decker and Co. the Government terminated, for default, a contract to renovate military housing when the contractors fell behind schedule. Decker & Co, 76 F. 3d 1573. On inspection the Government found that there were "major discrepancy between the final invoice and the work actually completed." Id. a 1578. The Army deducted money reflecting these discrepancies before the authorization of the payment. Id. The court determined that, because of the Acceptance and Inspection clause of the contract, the acceptance was final and that deductions could not be made after the final acceptance. Id. at 1583. The court in Decker, stated that acceptance, as a matter of contract and principle of law, is binding unless otherwise specified in the contract. Id.

Neither United Technologies Corporations, Sikorsky Aircraft nor Decker & Co. were cases involving the Government's claim for recovery of excess payments pursuant to the

contract's termination for convenience clause. Both of these cases deal with claims of erroneous acceptance because of the discovery of defects, after the final acceptance. The Acceptance and Inspection clause of these cases' contracts, as well as the clause contained in ACP's, contract exist to prevent post-inspection defects from changing the contract price and protect contractors from being indefinitely liable for delivered goods; this clause is not meant to change the terms governing a termination for convenience.

The contract between ACP and the Government contains a termination for convenience FAR provision that governs the settlement price of the contract. Def. Ex. A at 2. The contract states that, on a termination for convenience, the contractor is able to recover costs incurred during the performance of the contract, post-termination cost of the contract, and a sum of profit that the contracting officer considers fair and reasonable. 48 C.F.R. 52.249-2; Def. Ex. A at 8. Termination for convenience clauses are meant to limit the Government's liability upon invocation.[5] Indeed, by allowing the Acceptance and Inspection clause to negate this effort, the termination for convenience clause becomes obsolete. The Acceptance and Inspection clause states that acceptance is final unless otherwise provided in the contract. Decker & Co., 76 F. 3d 1573, 1583. The termination for convenience clause otherwise provides the terms of payments for received goods on the invocation of a termination for convenience.

B. The Government Has A Right To Recover Overpayments

In addition to the Termination for Convenience clause, which permits the Government to recover any overpayments, see fn. 4, it is a well-settled principle that the Government has inherent authority to recover sums wrongfully, erroneously, or illegally paid. Aetna Cas. & Sur.

[5] Upon the termination for convenience of a fixed price contract, the contract essentially becomes a cost reimbursement contract entitling the contractor to recover all allowable costs incurred during the performance of the terminated work, a reasonable profit on the work done, and certain additional costs associated with the termination. White Buffalo Construction, Inc. v. United States, 52 Fed. Cl. 1,5 (2002).

Co. v. United States, 526 F.2d 1127 (Ct. Cl. 1975), cert denied, 425 U.S. 973 (1976); see also United States v. Wurts, 303 U.S. 414, 415 (1983); American Nat'l Bank & Trust Co. v. United States, 23 Cl. Ct. 542, 547 (1991); Fansteel Metallurgical Corp. v. United States, 172 F. Supp. 268 (1959); Wright Runstad Props. Ltd. P'ship, 40 Fed. Cl. 820, 827 (1998). ACP has not demonstrated otherwise.

CONCLUSION

For the above reasons, the Court should deny the plaintiff's motion for partial summary judgment upon the Government's counterclaim.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
JENNY N. MASUNAGA
Counsel
United States Army Corps of Engineers
Honolulu District
Bldg 230, CEPOH-OC
Fort Shafter, HI 96858
Tel: (808) 438-8503

August 6, 2008

CERTIFICATE OF FILING

I hereby certify that on this 6th day of August, 2008, a copy of foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo