IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALIAMANU CONSERVATION PARTNERS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-134-C (Judge Braden) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

1. On February 11, 1991, The United States Army Engineering Division, Huntsville, awarded Contract number DACA87-91-C-0019 for shared energy savings to Co-Energy Group ("CEG").

Response:

2. On September 3, 1992, the contract was novated from CEG to Cegali, Inc., which is wholly owned by CEG.

Response:

3. On March 23, 1995, the contract was again novated from Cegali, Inc. to Aliamanu Conservation Partners, L.P. ("ACP").

4. The contracting officer concluded that ACP's June 20, 2005 settlement proposal, did not adequately identify its actual costs, which it incurred during performance of the contract, nor did it include Cost or Pricing data.

Response:

5. The June 20, 2005 proposal submitted by ACP sought $9,764,061 as its termination settlement proposal.

Response:

6. On October 31, 2005, ACP revised its settlement proposal and reduced its claim to $7,641, 772. The Contracting Officer concluded that the revised proposal still did not adequately identify its actual costs, which it incurred during performance of the contract, nor did it include Cost or Pricing data. Defendant's Exhibit B to Response to Plaintiff's Motion for Partial Summary Judgment at 11.

Response:

7. Of the $7,641,772 claimed by ACP, $5,519,180 was claimed as the amount it would have received in total monthly payments, but for the termination, from October 1, 2004 through February 11, 2006. Id.

Response:

8. In order to arrive at the $5,519,180, ACP utilized the then-current monthly payments of approximately $338,600 and multiplied the monthly payment by the number of months (16.3) remaining between the time the contract was terminated (effective September 30, 2004) and when the contract would have reached its 15-year anniversary – February 11, 2006. Id.

9. After modification P00100, the standard monthly payments consisted of a shared energy payment and a maintenance payment which was set at $0.01 below the shared energy payment. In order to calculate the shared energy payment, a formula was used, but all variables in the formula were set by modification P00100, with the exception of the adjustment to be made every six months based upon the consumer price index. App. 21-23.

Response:

10. ACP also sought $1,329,807 for unamortized asset value, $335,077 for

termination expenses, and $186,331 for settlement costs, which after applying a 16.3 percent mark-up for profit, brought the total revised claim to $7,641,772. Id.

11. The Government paid ACP a total of $46,379,724 for pre-terminated work. Id.; PPFUF ¶ 29.

Response:

12. Once ACP was terminated for convenience, The Government made partial termination payments to ACP totaling $1,072,668. Ex. A to Answer at 22.

Response:

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 307-3390
Fax: (202) 514-8624

August 6, 2008

Attorneys for Defendant

OF COUNSEL:
Jenny N. Masunaga
Assistant District Counsel
U.S. Army Corps of Engineers, CEPOH-OC
Fort Shafter, HI 96858

CERTIFICATE OF FILING

I hereby certify that on this 6th day of August, 2008, a copy of foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo